IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. LOMAX,   )<br>                                             )<br>            Plaintiff,           )<br>    v.                                      )<br>                                             )<br>JOHN E. POTTER, Postmaster General,  )<br>U.S. POSTAL SERVICE              )<br>                                             )<br>            Defendant.         ) | C.A. No. 06-14 Erie<br>Judge Sean J. McLaughlin |

## MEMORANDUM OPINION

SEAN J. McLAUGHLIN, J.

       On January 24, 2006, Plaintiff, Mary E. Lomax, filed a complaint alleging that "she endured female-based discrimination and retaliation" while employed by the United States Postal Service. (See Complaint, Dkt. #3). The factual basis of the complaint is that Plaintiff suffered discrimination when she was not reappointed to a casual mail handler position in 2003 "because of Supervisor Jason Hewitt's personal opinions." (Id.) No further facts are alleged in the complaint.

       The issue presented in the instant summary judgment motion is whether Plaintiff's claims of gender discrimination and retaliation under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e et seq., should be dismissed because Plaintiff failed to timely exhaust her administrative remedies and failed to file her claims in federal court within the applicable limitations period.

       Title VII requires a federal employee to file a discrimination action within "90 days of receipt of notice of final action taken by . . . the [EEOC]." 42 U.S.C. § 2000e-16(c); Conkle v. Potter, 352 F.3d 1333, 1336 (10th Cir. 2003). The 90 day period begins to run upon "the EEOC's final decision on appeal." Id. A failure to file a federal court action within 90 days of receiving the final agency

decision is fatal to the employee's claim.  See, e.g., McCray v. Corry Manufacturing Co., 61 F.3d 224 (3rd Cir. 1995); Fletcher v. Runyon, 980 F.Supp. 720 (S.D.N.Y. 1997).

Here, Plaintiff filed a Request for Reconsideration of the Final Agency Decision with the EEOC on September 29, 2004.  On November 18, 2004, the EEOC denied the Request for Reconsideration, signifying the agency's final decision of her claim. (See Brief in Support of Motion for . . . Summary Judgment, Dkt. #12, Exhibit C, Denial of Request for Reconsideration).  Although the Denial letter expressly notified Plaintiff that any court action had to be filed within 90 days of receipt, Plaintiff did not file her civil action with this court until January 24, 2006, over 14 months later.  As such, her claim was untimely and must be dismissed.  42 U.S.C. § 2000e-16(c); McCray, 61 F.3d at 229; Conkle, 352 F.3d at 1336.

Alternatively, Plaintiff's claim is also subject to dismissal because she failed to exhaust her administrative remedies in a timely fashion.  See Brown v. General Services Administration, 425 U.S. 820, 829 (1976).  In order to exhaust a claim under Title VII, the employee must consult with an Equal Employment Opportunity counselor within 45 days of the alleged discriminatory action to attempt to resolve the dispute informally.  29 C.F.R. § 1614.105(a)(1)-(b).  This requirement is mandatory.  Brown, 425 U.S. at 833; Robinson v. Dalton, 107 F.3d 1018, 1021 (3rd Cir. 1997).

Plaintiff asserts that she was subjected to gender discrimination and retaliation during the period of time between March, 2003 and June, 2003. (See Brief in Support, Dkt. #12, Exhibit B, EEO Complaint of Discrimination).  However, she did not contact an EEO counselor until February 17, 2004, approximately 7 ½ months after the alleged incident of discrimination. (See Brief in Support, Dkt. #12, Exhibit A, EEO Request for Counseling). Due to her failure to initiate administrative proceedings within the requisite 45 day time period, summary judgment is independently appropriate on this ground.  See, e.g., Ettinger v. Johnson, 518 F.2d 648, 652 (3rd Cir.

1975); Temparali v. Rubin, 1997 WL 361019 (E.D. Pa. 1997).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY E. LOMAX, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN E. POTTER, Postmaster General, )<br>U.S. POSTAL SERVICE )<br>)<br>Defendant. ) | C.A. No. 06-14 Erie<br>Judge Sean J. McLaughlin |

### **ORDER**

AND NOW, this 30th day of January, 2007, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant John E. Potter (Dkt. # 11) is GRANTED.  This action is DISMISSED.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___